PEARSALL v WILLIAMS

Docket Nos. 78-3279, 78-3280. Submitted June 18, 1979, at Detroit.— Decided October 16, 1979. Leave to appeal applied for.

Nancy C. Pearsall and Clyde D. Pearsall brought an action for damages against Charles Williams, D.O., Lapeer County General Hospital, and other individuals, alleging that their daughter, Kimberly A. Pearsall, suffered brain damage because of insufficient oxygen supply at birth, due to the negligence of the individual defendants and the hospital's employees. Mrs. Pearsall also brought an action, as guardian of the estate of Kimberly, against the same defendants. The Oakland Circuit Court, Farrell E. Roberts, J., granted accelerated judgment in both actions to the defendant hospital on the basis of governmental immunity. The plaintiffs appeal. *Held:*

1. The operation of the hospital was not a government function within the meaning of the governmental immunity statute.

2. Whether or not a government-operated hospital coexists and competes with private hospitals is irrelevant to the question of immunity from tort liability.

3. A constitutional provision limiting the taxing powers of local governments will not be construed so as to prevent or obstruct the satisfaction of a lawful judgment against a county.

Reversed.

1. TORTS — GOVERNMENTAL IMMUNITY — HOSPITALS — STATUTES.

The day-to-day operation of a municipally-owned general hospital providing the public with medical service for a fee is not a governmental function within the meaning of the statute which provides governmental immunity from tort liability (MCL 691.1407; MSA 3.996[107]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur 2d, Hospitals and Asylums §§ 20, 22.

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

[3] 16 Am Jur 2d, Constitutional Law § 88.

71 Am Jur 2d, State and Local Taxation § 93.

2. Torts — Governmental Immunity — Hospitals.

It is irrelevant, for the purpose of determining that the operation of a government-operated public hospital is not a governmental function for purposes of immunity from tort liability, whether or not another, private, hospital competes in providing health care.

3. Constitutional Law — Courts — Construction of Constitution — Judgments.

The courts, when construing a constitutional amendment which limits the taxing powers of local governments, should avoid a construction which would prevent or obstruct the satisfaction of lawful judgments (Const 1963, art 9, § 31).

*Sommers, Schwartz, Silver & Schwartz, P.C.,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *John P. Jacobs* and *J. P. O'Leary),* for Lapeer County General Hospital.

Before: Bashara, P.J., and V. J. Brennan and J. C. Daner,* JJ.

V. J. Brennan, J. Kimberly A. Pearsall, daughter of Nancy and Clyde Pearsall, was delivered at Lapeer County General Hospital on February 10, 1972. Plaintiffs allege that Kimberly sustained serious brain damage resulting from an insufficient supply of oxygen during delivery, attributable to the negligence of the individual defendants and defendant hospital's employees. Plaintiffs brought these actions on behalf of themselves and Kimberly to recover damages.

The lower court granted accelerated judgment to defendant Lapeer County General Hospital on the basis of defendant's assertion of the defense of governmental immunity. Plaintiffs' brief on appeal, filed October 7, 1978, sought to overcome the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defense of governmental immunity by arguing that the operation of Lapeer County General Hospital was a proprietary rather than a governmental function. The hospital responded by filing a motion to affirm on the strength of this Court's consistent holdings that the doctrine of governmental immunity protects a government operated hospital from tort liability for medical malpractice. Defendant's motion to affirm was denied on February 14, 1979, and defendant was invited to brief and discuss the application of the Supreme Court decision in *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), to the present case.

As to defendant's contention that *Parker* does not divest every community hospital "no matter what the facts" from governmental immunity protection, we agree that the opinions of Justice FITZGERALD and Justice MOODY do not forbid a case-by-case approach. Circumstances may arise or certain programs may be undertaken by a hospital to which governmental immunity may apply. See *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978).

However, the form in which the separate opinions comprising the majority address the question leaves no doubt that the function involved in this case is not protected by governmental immunity.

"We granted leave to consider whether the day-to-day *operation of a hospital* is a 'governmental function' as that phrase is used in the statute. [MCL 691.1407; MSA 3.996(107)]." 404 Mich at 190 (FITZGERALD, J., emphasis added.)

"The question of law on this appeal is whether the activities conducted by a municipally owned general hospital *providing the public medical service for a fee* constitute a governmental function within the meaning of MCL 691.1407; MSA 3.996(107)." 404 Mich at 196. (MOODY, J., emphasis added.)

Defendant next asserts that *Parker* was based upon the reasoning that a government-operated hospital should not enjoy governmental immunity because it competes with private enterprise in the operation of a business, and since Lapeer County General Hospital is the only hospital in Lapeer County, *Parker* does not apply. We disagree.

Both the opinions of Justice FITZGERALD and Justice MOODY note that the government-operated hospitals coexist and compete with private hospitals in providing health care, but neither opinion identifies the existence of actual competition as a crucial fact in the analysis. *Parker* simply concludes that the operation of a community general hospital is not a "governmental function" under the criterion set forth, since the task could hypothetically be undertaken just as well by private enterprise. Whether private enterprise has actually entered a particular field is irrelevant.

Finally, defendant argues that the *Parker* decision failed to take into account the Headlee tax limitation amendment to the Michigan Constitution which prohibits units of local government from levying new taxes or increasing the rate of existing taxes without prior voter approval. It is defendant's position that the tax amendment creates secondary governmental immunity because the only way for a tort judgment against the county to be enforced is by way of an additional tax assessment which was prohibited by Headlee. We find defendant's contention without merit.

Section 31 of the Headlee amendment, Const 1963, art 9, § 31, provides:

"Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or

charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon."

It is readily apparent that the amendment does not address itself to the question of governmental immunity. The courts, if at all possible, should avoid a construction of the amendment which would prevent or obstruct the satisfaction of lawful judgments. See *Morley Brothers v Carrollton Twp Supervisor,* 312 Mich 607; 20 NW2d 743 (1945).

The accelerated judgment entered in favor of defendant Lapeer County General Hospital is vacated.

Reversed.